JEFF DAVIS ET AL., PLAINTIFFS, v. LEHIGH VALLEY RAILROAD COMPANY, DEFENDANT.

Argued June 6, 1922—Decided June 26, 1922.

Under section 58 of the statute relating to evidence (*Comp. Stat., p.* 2237), a Supreme Court justice may order a subpœna *duces tecum* to issue, when the commission to take evidence issued by a court of a sister state includes the production of documents and papers pertinent to the issue stated in the commission. The statute is in aid of comity between states, and as its purpose is to assist in the due administration of justice, it should be liberally construed.

On rule to show cause why an order for subpœna *duces tecum* should not be set aside.

For the rule, *Collins & Corbin.*

*Contra, Elias A. Kanter.*

The opinion of the court was delivered by

BERGEN, J.   This action was brought in New York and the court of that state issued a commission, on the application of plaintiff, to take testimony in this state before Mr. Kanter as commissioner.   Under the statute of this state, section 58 relating to evidence (*Comp. Stat., p.* 2237), upon

the issuing of such a commission, if any witness named shall refuse to attend and give testimony, any Supreme Court justice may make an order awarding process of subpœna for such witness to appear before the commissioner and testify. Such course was taken in this case and order for a subpœna *duces tecum* made. A rule to show cause was subsequently allowed, returnable before this court, why the order of the justice should not be set aside. The present proceeding is to have that rule made absolute and the only question is whether the order was unlawfully made. The grounds are that the statute does not expressly authorize a subpœna *duces tecum* and therefore the justice had no power to make the order, and secondly, that it was not sufficiently explicit as to the paper to be produced because it required the production to be only of such papers "as relate to the issue in the above entitled cause." The subpœna *duces tecum* issued was explicit and is not under review, the only proceeding objected to being the order. That under this statute a subpœna *duces tecum* might be ordered was adjudged by Mr. Justice Garrison, sitting for the Supreme Court, *In re Donald & Healy,* 87 *N. J. L.* 691, which is controlling so far as we are concerned. But in addition we approve of the course taken by Justice Garrison, for the statute is remedial, and it is not limited to a subpœna *ad testificandum,* but applies to all witnesses and the production of all papers legally pertinent to the issue about which the witnesses may testify or identify.

The purpose of the act is to secure the testimony of witnesses not within the jurisdiction of the court issuing the commission, and that testimony includes documents, pertinent to the issue, and the word "subpœna," as used in the statute, was any subpœna necessary to accomplish the intention of the statute. The order is not beyond the jurisdiction of the justice of the Supreme Court conferred by the act. The case of *Stengle v. Stengle,* 85 *N. J. Eq.* 277, is not applicable, for, as the Chancellor observes in that case, letters rogatory are not necessary in a proceeding under the statute above

referred to. The statute is in aid of comity between sister states and as its purpose is to assist in the due administration of justice it should be liberally construed.

The second objection is that the order is indefinite as to the documents required which are those that relate to "the issue in the cause." This must be read in connection with the petition on which the order is based, and in it the issue, to which the testimony required relates, is the claim of plaintiff that he was engaged in defendant's interstate business at the time of his injuries, and the subpœna calls for papers bearing on that question. The objection is technical, for defendant well knows what documents it has in its possession relating to the object of the testimony on the question at issue under the commission, which limits the taking of the testimony in the very words of the order objected to.

The rule to show cause will be discharged, with costs.