## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

In re Servo Corp. of Am.

### March 7, 1967

By JUDGE A. CHRISTIAN COMPTON

Attached you will find a copy of the order entered today overruling the motion of Marvin F. Cole, Secretary of Railtron Corporation to (a) quash the subpoena duces tecum issued in this matter and (b) to vacate the order entered herein on January 20, 1967. As you see, I have rescheduled the time for the production of the records and if the time selected is not convenient to Mr. Cole and counsel I shall be glad to hear you any morning at 9:15 to set another time if counsel cannot agree on a change of date.

The question for decision is whether this Court can, in the execution of the mandate of a court of a sister state, properly compel the production here by a person not a party to the litigation pending in the foreign jurisdiction various documents and other writings material and relevant to the issues of the case pending in such sister state. This question must be answered in the affirmative pursuant to the provisions of Section 8-316.1 and 8-316.2 (Uniform Foreign Deposition Act), Code Section 8-301, Code of Virginia of 1950, as amended; and Rule 4:9, Rules of the Supreme Court of Appeals of Virginia.

Pending in the Supreme Court of Nassau County, New York, a court of record, is the case of Servo Corporation of America v. William M. Pelino, Lennie E. Keeton and Raymond A. Moenich, wherein it is alleged that while in the employ of the plaintiff, the defen-

dants (who now reside in the City of Richmond, Virginia) obtained certain confidential and trade secret information relating to all phases of the plaintiff's hot box detection business and that such information acquired in violation of the defendants' duty of trust and loyalty to the plaintiff is now being used by a competing corporation which the defendants formed under the name of The Railtron Corporation. The plaintiff seeks relief by way of damages and an injunction. The defendants answer, which admits the employment, generally denies the plaintiff's allegations.

The case has not reached a trial on its merits in New York. In the course of the pretrial proceeding, the New York court on August 29, 1966, entered an order (Cole's Exhibit 1) denying the plaintiff's motion to require the defendants to disclose certain information specified in a Notice to Take Testimony (Servo's Exhibit 6) which information is the subject of the order heretofore entered in this proceeding in this Court. The order of the New York court stated that "books and records not in the possession or control of a party are not subject to disclosure," and was entered after it had considered an affidavit signed by Marvin F. Cole on July 26, 1966, which stated, in part, that Cole (an attorney admitted to practice in Virginia) is the Secretary of Railtron Corporation; that the defendant Pelino is the President of Railtron; and, that the three defendants are employees of Railtron. In his affidavit, Mr. Cole further stated that he had seen the notice to take the depositions of Pelino (Servo's Exhibit 6) and the demand for the production of documents contained therein and that:

> The items listed in paragraphs 1, 3 and 5 are not the property of Mr. Pelino nor are the documents listed in those paragraphs in his possession, custody or control. To the contrary, all the documents listed in those paragraphs are the property of Railtron Corporation. I have caused those documents to be assembled and they are in my possession, custody and control in Richmond as Secretary of Railtron Corporation.

Thereafter on January 12, 1967, the New York court entered an order (Cole's Exhibit 2) issuing a commission to Overton Lee of Richmond, Virginia, as commissioner to take the oral deposition of Mr. Cole and further ordered that "said person shall further produce at said examination the delineated documents 1 through 3 supra." The "delineated documents" referred to are the ones described in the order of this Court entered on January 20, 1967. Servo was further authorized by the New York Court "to take such steps as are necessary under local Virginia rules to effectuate the orders of" the New York Court.

Following the entry of this Court's order aforesaid, Cole as Secretary of Railtron appeared by counsel (which counsel also appeared on behalf of Railtron Corporation) and moved the Court to quash the subpoena duces tecum and to vacate the order in question.

It is asserted in the Motion to Quash that a summons issued under Virginia's Uniform Foreign Depositions Act does not apply to a subpoena duces tecum in that the Act requires only the oral testimony of a witness and it is not applicable to production of records. Insofar as it is pertinent to this matter our Uniform Foreign Depositions Act (hereinafter referred to as The Act) provides, in part, as follows:

Section 8-316.1 . . . whenever any . . . commission is issued out of any court of record in any other state . . . witnesses may be compelled to appear and testify in the same manner and by the same process and proceeding as may be employed for the purpose of taking testimony in proceedings pending in this State.

Section 8-316.2 . . . . This article shall be so interpreted and construed as to effectuate its general purposes to make uniform the law of those states which enact it. The privilege extended to persons in other states by

Section 8-316.1 shall only apply to those states which extended the same privilege to persons in this State. (emphasis added)

## RECIPROCAL PRIVILEGES

It is apparent from a review of the Civil Practice Law and Rules of New York that the benefits of The Virginia Act should be extended to New York litigants because New York extends the same privilege to persons in Virginia. CPLR 3102(e). While New York is not one of the states listed as having adopted the Uniform Foreign Depositions Act (See 9B Uniform Laws Annotated 60 and Am. Jur. Desk Book, Document 129) the above mentioned section of the New York Rules is almost identical with Code Section 8-316.1 and it certainly cannot be said that New York does not extend its "privileges" in a matter of this kind to persons of Virginia.

## BENEFITS IN VIRGINIA TO THE FOREIGN LITIGANT

Since there is reciprocity between the states involved, what are the benefits in Virginia under The Act? Does The Act contemplate the production of records or is its application restricted to bare oral testimony? To so restrict The Act would be to disregard its clear intent expressed in Code Section 8-316.2 that it shall be "construed as to effectuate its general purposes to make uniform the law of those states which enact it." Statutes such as this "should be liberally construed where they are in aid of comity between sister States and their purpose is to assist in the due administration of justice." 26A C.J.S. Depositions, pp. 377, 378. See also Davis et al. v. Lehigh Valley R. Co., 117 A. 716 (1922); 96 U. Pa. L. Rev. 250 (1947); 9 Ohio S.L.J. 679 (1948).

If a deposition is taken in New York, clearly the machinery exists there for production of records. CPLR 3111. If a suit is pending in Virginia, machinery exists here to force a person not a party to the suit to produce records. Code, Section 8-301; Rule 4:9(b). In view of these statutes and rules in New

York and Virginia it would be giving The Act the strictest kind of construction to hold that it applies only to oral testimony and not to the production of records. The sound reason for such a rule becomes apparent in this case wherein the oral testimony without the support of drawings, sketches, correspondence, photographs, etc., would seem to be a nullity and of no meaning in view of the technical nature of some of the subject matter of the suit.

Mr. Cole and Railtron assert that the documents ordered produced are not "material" and "proper" to be produced under Code, Section 8-301. It is urged in the Motion to Quash and in argument that privileged information is included in the documents; that one of the purposes of this procedure by Servo is to seek technical knowledge developed at a large expense to Railtron; and that since a patent is pending covering the detector, Railtron is not required to disclose information pertaining to it until the patent office acts on it. While this Court must use its discretion in determining materiality, it will certainly give effect to the views of the Court of the forum. It appears that the New York Court has already ruled, upon a review of "all of the pleadings and proceedings in this action," that the plaintiff is entitled to disclosure of the contents of the patent application (Servo's Exhibit 11). Independently of this consideration, I feel that the documents sought are material and proper to be produced. The action has been described by the defendants (Servo's Exhibit 4) as one in which the plaintiff alleges "that the defendants have violated certain trade secrets relating to railroad electronic equipment." The specific charges are that the defendants "obtained certain technical information which they are now using with a competing company." This Court has ordered documents produced which deal with an agreement between a railroad company and the company allegedly formed by these defendants and ordered produced documents (including drawings and diagrams) dealing with the development of equipment which is the same type of equipment the plaintiff alleges it has researched, developed and manufactured.

It is felt that the order in question is a proper one under Code Section 8-301.

For the reasons stated, the Motion to Quash and the Motion to Vacate is overruled.