[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Smither Scientific Services, Inc. (Smithers) appeals an order of the Summit County Court of Common Pleas that overruled objections to a subpoena duces tecum, denied its motion to quash the subpoena, and modified the subpoena. We affirm in part and reverse in part.
Smithers is an independent research facility located in Akron, Ohio, that conducts scientific analysis of tires. The analyses are conducted either at the request of a client or as part of an evaluation in which the results are provided to companies that subscribe to Smithers' testing service. Cynthia Lampe and her mother, Sylvia Cortez, were injured in a car accident that occurred in California. Following the accident, Ms. Lampe and her parents ("the plaintiffs") brought claims against numerous defendants including Ford Motor Company (Ford) and Continental General Tire Company (General Tire) in the Superior Court of California, Los Angeles County. Among other theories of recovery, the plaintiffs alleged strict liability sounding in products liability, breach of warranty, and negligence resulting from the defects in the Ameri Tech ST radial tire with which the plaintiffs' vehicle was equipped when the accident occurred.
Smithers is not a party to the California lawsuit. On August 21, 1998, however, the plaintiffs petitioned the Summit County Court of Common Pleas pursuant to the Uniform Foreign Depositions Act and R.C. 2319.09, to issue a subpoena for the deposition of the custodian of Smithers' business records and the production of:
 All documents reflecting testing and research conducted by [Smithers] or on [Smithers'] behalf on the General Ameri
 Tech ST radial tire, size P205/65/R15, from 1990 to present.
 All documents reflecting testing and research conducted by [Smithers] or on [Smithers'] behalf concerning designs intended to reduce, minimize or prevent tread and/or belt separations in tires during the past ten years.
 All documents reflecting testing and research conducted by [Smithers] or on [Smithers'] behalf [from] 1990 to 1996 concerning tread and/or belt separations in tires manufactured by Continental General Tire, Inc.
 All documents reflecting testing and research conducted by [Smithers] or on [Smithers'] behalf from 1990 to 1996 concerning contamination in tires manufactured by Continental General Tire, Inc.
Later on the same day, the court granted the petition and ordered that the subpoena issue.
Smithers timely objected to the issuance of the subpoena on September 10, 1998, and moved the trial court to quash or to limit the scope of the subpoena via a protective order. Smithers argued that Civ.R. 45(C)(3) mandated that the trial court quash the subpoena. General Tire also moved for a protective order, arguing that Smithers had conducted investigative and consulting work for General Tire in the past that was "confidential and proprietary" in nature. The motion also alleged that the plaintiffs were attempting to circumvent the California court's discovery order that set the date for disclosure of expert witnesses as December 15, 1998.
Following a hearing conducted on October 16, 1998, the trial court modified the underlying discovery request to provide:
 Plaintiffs shall be entitled to depose a duly authorized representative of Smithers to inquire whether Continental
 General ever requested Smithers prior to June 26, 1996 to perform any consulting or testing services that may pertain to belt separation on the General Ameri Tech ST radial tire.
 If Smithers performed any such services as described above to Continental General, Plaintiffs shall be entitled to inquire about the services so rendered by Smithers to Continental General. Further, Smithers shall make available to Plaintiffs for inspection and copying any such files, reports or data that Smithers provided to Continental General with respect to such services.
 Smithers provides various tire testing reports to clients who subscribe to that service. Plaintiffs shall be entitled to inspect and copy reports that pertain to belt separation on the General Ameri Tech ST radial tire that Smithers would have made available to its subscribers prior to June 26, 1996. Plaintiffs are not entitled to any data or other information supporting said reports that is not generally made available to Smithers' subscribers.
 As to items contained in Items 3 and 4 of Plaintiffs' subpoena duces tecum the Court grants the protective motions so filed and denies Plaintiffs['] request for the documents so enumerated to the extent they are not ordered to be produced by Paragraphs One, Two and Three of this Order, supra.
 The court ordered that the discovery be completed within twenty-one days. Smithers timely appealed, raising three assignments of error.[1]
As an initial matter, this court concludes that the trial court's order is a final order within the meaning of 2505.02 and, therefore, that this court has jurisdiction to consider this appeal. R.C. 2505.02 defines a final order, in part, as an order that grants or denies a remedy in an ancillary proceeding when:
 [t]he order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy[;] [and]
 [t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
The proceedings in Ohio on the petition for a subpoena, and Smithers' objections thereto, are ancillary to the litigation in California. The trial court's order determined the action with respect to the subpoena by ordering the deposition to occur within twenty-one days. Further, because Smithers is not a party to the underlying litigation, a meaningful remedy on appeal following final judgment could not be fashioned. Accordingly, the trial court's order is final and appealable within the meaning of R.C. 2505.02.
 ASSIGNMENT OF ERROR I The trial court erred as a matter of law and/or abused its discretion in overruling the Motion to Quash the subpoena served upon [Smithers], a non-party to the underlying litigation.
 ASSIGNMENT OF ERROR II The trial court erred as a matter of law in overruling the Motion for Protective Order by [Smithers], a non-party to the underlying litigation, as the discovery sought by the [plaintiffs] would cause undue burden and expense to Smithers and [the plaintiffs] failed to establish a compelling need to obtain the information.
 ASSIGNMENT OF ERROR III The trial court erred as a matter of law in overruling the Objections to the Subpoena Duces Tecum served upon [Smithers], as the discovery sought by the [plaintiffs] was nothing more than an attempt to unlawfully pirate the intellectual property of [Smithers], a non-party to the underlying litigation.
In its assignments of error, Smithers has argued that the trial court incorrectly denied the motion to quash the subpoena pursuant to Civ.R. 45(C). In essence, Smithers' argument appears to be that the trial court's modification of the subpoena was insufficient to protect its interests as a nonparty. We agree in part.
R.C. 2319.09, which acknowledges the Uniform Foreign Depositions Act, permits Ohio courts to compel witnesses under a discovery order from a foreign jurisdiction "to appear and testify in the same manner and by the same process and proceedings as are employed for the purpose of taking testimony" in Ohio courts. The role of courts outside the forum state includes the authority to examine the facts underlying a subpoena and to quash when necessary. In re Kirkland Ellis v. Chadbourne Parke, L.L.P.
(N.Y.Sup.Ct. 1998), 670 N.Y.S.2d 753, 756. See, also, In reServco Corp. of America (1967), 1 Va. Cir. 54, 58, 1967 Va. Cir. LEXIS 1 at **8. The receiving state is required to exercise its discretion in reviewing the subpoena and "may not simply rubber stamp the decision" of the foreign court. In re Kirkland Ellis,supra.
This court reviews a trial court's disposition of discovery matters for an abuse of discretion. See State ex rel. The V Cosv. Marshall (1998), 81 Ohio St.3d 467, 469. The trial court, however, is not unrestrained in its exercise of discretion, but must "consider the interests of parties seeking discovery and the interests of parties and nonparties resisting discovery." Martinv. The Budd Co. (1998), 128 Ohio App.3d 115, 119.
The procedures for issuance of a subpoena are provided in Civ.R. 45(C)(3), which provides, in relevant part:
 On timely motion, the court from which the subpoena was issued shall quash or modify the subpoena, or order appearance or production only under specified conditions, if the subpoena does any of the following:
Fails to allow reasonable time to comply;
 Requires disclosure of privileged or otherwise protected matter and no exception or waiver applies;
 Requires disclosure of a fact known or opinion held by an expert not retained or specially employed by any party in anticipation of litigation or preparation for trial as described by Civ.R. 26(B)(4), if the fact or opinion does not describe specific events or occurrences in dispute and results from study by that expert that was not made at the request of any party;
Subjects a person to undue burden.
 Smithers has argued that the trial court was required to quash the subpoena pursuant to each of these factors. We note, however, that Civ.R. 45(C)(3) does not require the trial court to quash a subpoena when these factors are present. Rather, the rule requires the court to quash or modify the subpoena, or to impose conditions upon the discovery so ordered if possible.
Smithers is located in Akron, Ohio. Although the original subpoena required Smithers' custodian of records to appear in person in California, the subpoena was later changed to require appearance at the offices of local counsel in Akron. As amended, this location does not pose an undue burden on Smithers.
Paragraphs one, two, and four of the trial court's modification of the subpoena limited the scope of the plaintiffs' discovery to evaluations conducted by Smithers at the request of General Tire. The discovery is further limited to testing of the particular tire and the specific defect at issue in the underlying litigation. This modification appropriately narrows the scope of the discovery to fit within the boundaries established by Civ.R. 45(C)(3)(c) in that it (1) addresses the specific design and performance defects in dispute and (2) is limited to "study * * * made at the request of [a] party." Smithers has argued that the affidavit of its president, Michael Hochschwender, establishes conclusively that Smithers has never performed testing for General Tire that falls within the scope of the court's modification. The trial court's order adequately limits the scope of discovery by permitting the custodian of records to appear and, if applicable, to state that no items within the scope of paragraphs one, two, and four exist.
To the extent that paragraph three of the modified discovery order permits discovery of the results of research conducted on Smithers' own initiative, and to which General Tire was not a subscriber, however, the trial court's modification is in error. In that situation, Smithers is best characterized as a nonparty expert witness. At the time that the subpoena issued in Ohio, Smithers had not been retained as an expert by any party to the litigation. As a result, the trial court abused its discretion by modifying the discovery order to permit discovery of materials produced by Smithers' independent research and provided only to Smithers' subscribers without respect to whether General Tire had access to the research.
Smithers' first assignment of error is sustained in part. The judgment of the trial court is affirmed in part and reversed in part, and this case is remanded to the trial court for proceedings not inconsistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
LYNN C. SLABY, FOR THE COURT
CARR, J., WHITMORE, J. CONCUR.
[1] Because Smithers' assignments of error raise common issues, they have been consolidated for the purposes of discussion.