EDWARD ROYCE, Respondent, v. FLORENZ ZIEGFELD and Another, Appellants.

The following is the opinion of the court below:

TAYLOR, J. As I read the motion papers, the applicant contemplates (1) examinations of the defendants before trial for the purpose of establishing controverted allegations of the amended complaint; and (2) a discovery and inspection, rather general in its nature, of books, records, etc., of the defendants. On the first branch of the application, in the absence of bad faith on the part of the plaintiff — and none is here apparent — the plaintiff is entitled to prove the truth of such controverted allegations, if he can do so, by the testimony of the defendants to be taken before trial. This is true notwithstanding an offer of the defendants as made herein, to give him the information he requires dehors such examination. That part of the motion which contemplates the examination of each and both defendants (the corporate defendant by Ziegfeld, the president thereof, and Kingston, the treasurer thereof) before trial is granted, without costs, but the order to be made thereon will specify the following to be the subjects of examination: (1) All the relevant and competent facts and circumstances relating (a) to the full rendering by the plaintiff of his services under the agreement, and relating to his staging of the said musical play " Rio Rita; " (b) to the production and presentation thereof; (c) to its first performance on December 29, 1926, or on whatever day such performance took place in Boston; and (d) to the public performances thereof continued nightly, as well as at matinees, excepting Sundays, since December 29, 1926, in Boston, Philadelphia, Baltimore and New York, or wherever it has been produced, up to the time of the examination — all as alleged in paragraph 5 of the amended complaint. (2) All the relevant and competent facts and circumstances relating to the amount of gross receipts of said and all performances of said play, to the time of the examination — as alleged in paragraph

6 of the amended complaint. The order will direct that the defendants produce upon the said examination, the books, records, etc., specified in paragraph II, subdivision 1, and paragraph IV of the order to show cause herein, the same to be used upon the examination for the purposes specified in Civil Practice Act, section 296, and for no other purposes. In so far as the plaintiff, applicant, may be said to contemplate a general inspection of the said books, records, etc., so to be produced, the application is denied, with leave to renew the same upon proper papers, in the event that, in the judgment of the plaintiff, his requirements are not met by the evidence adduced in the examination before trial, and in the event that the plaintiff deems a discovery and inspection of books and documents necessary in the interest of justice (read as far as relevant, *Bencoe* v. *McDonnell*, 210 App. Div. 123, 124). Ordered accordingly. No costs. Settle order on notice. I will retain all papers pending the settlement of the order.