William B. Brennan, Jr., J.
The movants seek to quash subpoenas and to vacate notices for their respective examinations before trial, in an action for divorce. The witnesses are the mother and sister of the corespondent. The notices of examination request their testimony concerning the defendant’s *826 alleged adultery in Puerto Rico, Copiague, New York, and other places, and the defendant’s alleged cohabitation with the corespondent as his wife, in Puerto Rico.
The special circumstances relied 911 by plaintiff are the defendant’s default in the action, the fact that he and the corespondent are nonresidents of this State, that the corespondent resided with her mother in Copiague during the period in which the defendant had relations with her, and that the defendant and corespondent stayed at the homes of both witnesses, as man and wife, while on a recent visit in New York. Both witnesses deny knowledge of all material facts.
Each witness here has possible knowledge of the issues presented stemming from her close blood relationship to the purported corespondent. Such knowledge is special, if not exclusive, and justifies their examination as reluctant, if not hostile, witnesses (Courtland v. Brown, Harris, Stevens, 6 A D 2d 789) in the circumstances of this case.
The witnesses’ plea of lack of knowledge does not bar examination (cf. Royce v. Ziegfeld, 224 App. Div. 651).
The examination will proceed at the office of the Clerk of Special Term of this court, at 33 Willis Avenue, Mineóla, New York, on not less than five days’ notice served simultaneously with or after service of a copy of the order hereon with notice of entry thereof.