Anthony M. Livoti, J.
In an action to set aside an ante-nuptial agreement, the plaintiff moves to examine the defendant before trial.
The complaint in pertinent part alleges that the plaintiff and defendant executed an antenuptial agreement in which the plaintiff agreed to transfer to the defendant a one-half interest in certain real property owned by the plaintiff and that the defendant at the time of the making of the contract represented to the plaintiff that he had a substantial life insurance policy on his life and that he would designate the plaintiff as the irrevocable beneficiary of said policy and that this representation was false and the defendant knew it to be false.
The answer is a general denial.
The plaintiff contends that the examination of the defendant is material and necessary since she has the burden of proof as to the nonexistence of the life insurance policy and that the facts concerning this insurance policy are within the knowledge of the defendant.
The defendant opposes the motion on the ground that since the plaintiff has alleged in the complaint the nonexistence of this policy, such facts should be within her knowledge and can be proved by her own testimony and, therefore, the examination of the defendant is not necessary and material and that the motion is not made in good faith since no attempt to examine the defendant before trial was made until almost five months after joinder of issue and after a demand for a bill of particulars requiring the same information that the plaintiff now seeks by way of an examination before trial was refused. In any event, the defendant argues, he is not a resident of New York State and it would be an onerous burden to compel bim to attend an examination before trial in New'York.
The plaintiff is entitled to examine the defendant concerning allegations in the complaint which she must prove and which are controverted by a general denial. (Pierce v. Morris, 192 App. Div. 502, 505; see, also, Israelson v. Gersing, 234 App. Div. 706; Royce v. Ziegfeld, 224 App. Div. 651.) The fact that plaintiff may have knowledge of these facts is no reason to refuse such an examination. (Haire v. Title Guar, & Trust Co., 249 App. Div. 786; McGrath v. Blumenthal, 220 App. Div. 781.)
The defendant’s objections concerning the lapse of time between the commencement of the action and the request for an examination before trial and that a demand for a bill of particulars was vacated by the court are without merit. (See Israelson v. Gersing, supra; Sands v. Comerford, 211 App. Div. 406.)
*946 The affidavit by the defendant’s lawyer submitted in opposition to this motion makes a eonclusory statement that the defendant is not a resident of New York State and that it would be a hardship to attend an examination before trial in this State. The record, however, indicates that the defendant did reside in New York State but thereafter left the marital home and went to Greece, his native country, and that he returned to New York when the plaintiff commenced this action and thereafter went to Florida. Under these circumstances, the court is of the opinion that the defendant has not made an adequate showing of hardship that would preclude his examination before trial at the present time. (Schoen v. Morgan Trucking Co., 13 A D 2d 622; Gittlitz v. Lewis, 11 A D 2d 1065.)
Accordingly, the motion is granted. The examination will take place, if the parties agree, on a date when the defendant will be in New York City at a place and time to be fixed in the order to be entered hereon, but if the parties cannot agree as to the time and place of such an examination, then the defendant may be examined by open commission, in which event the defendant will bear the expenses. (Knipl v. Avis Rent-A-Car System, 21 Misc 2d 1049.)