[Cite as *Kaplan v. Tuennerman-Kaplan*, 2012-Ohio-303.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

RICHARD S. KAPLAN

    Appellant

    v.

LAURA A. TUENNERMAN-KAPLAN

    Defendant

    and

HENRY W. TUENNERMAN

    Third Party-Appellee

C.A. No.      11CA0011

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    MISC-11-013

DECISION AND JOURNAL ENTRY

Dated: January 30, 2012

WHITMORE, Presiding Judge.

{¶1}  Plaintiff-Appellant, Richard Kaplan ("Husband"), appeals from the order of the Wayne County Court of Common Pleas, granting Third Party-Appellee, Henry Tuennerman's, motion to quash a subpoena duces tecum. This Court affirms.

I

{¶2}  Husband brought a divorce action against Defendant-Appellee, Laura Tuennerman-Kaplan ("Wife"), in Pennsylvania. During the pendency of the divorce action, Husband sought to obtain information about Wife's financial interest in her father, Tuennerman's, company, TLJ Limited. Husband did not receive all of the information he requested from Tuennerman, who resided in Wayne County and was not a party to the

Pennsylvania action. Accordingly, Husband requested and obtained a rogatory letter from the Fayette County Court of Common Pleas. The letter requested that the Wayne Court of Common Pleas order Tuennerman to produce certain documentary evidence and appear for a deposition. On February 4, 2011, Husband filed a request for a subpoena duces tecum in the Wayne County Court of Common Pleas, based on the rogatory letter. The Clerk of Courts issued the subpoena on February 10, 2011.

{¶3} Tuennerman filed objections to the subpoena and, on February 24, 2011, filed a motion to quash. Husband filed a memorandum in opposition to the motion to quash the same day. On February 28, 2011, the trial court granted the motion to quash the subpoena.

{¶4} Husband now appeals from the trial court's order[1] and raises four assignments of error for our review. For ease of analysis, we consolidate several of the assignments of error.

II

Assignment of Error Number One

"THE TRIAL COURT ERRED AS A MATTER OF LAW BY QUASHING THE SUBPOENA DUCES TECUM BECAUSE UNDER R.C. 2319.09 IT DID NOT HAVE AUTHORITY TO DENY A DISCOVERY ORDER FROM PENNSYLVANIA COURT."

Assignment of Error Number Two

"THE TRIAL COURT ERRED BY ITS ORDER TO QUASH THE SUBPOENA UNDER THE DOCTRINE OF COMITY."

{¶5} In his first two assignments of error, Kaplan argues that the trial court erred by quashing the subpoena at issue. Specifically, he argues that the court lacked authority to countermand the order of the Pennsylvania Court of Common Pleas and violated the doctrine of comity by doing so. We disagree.

---

[1] *See Lampe v. Ford Motor Co.*, 9th Dist. No. 19388, 2000 WL 59907, *2 (Jan. 19, 2000) (concluding that such an order is final and appealable under R.C. 2505.02).

{¶6} In *Lampe v. Ford Motor Co.*, 9th Dist. No. 19388, 2000 WL 59907 (Jan. 19, 2000), this Court held as follows:

> R.C. 2319.09, which acknowledges the Uniform Foreign Depositions Act, permits Ohio courts to compel witnesses under a discovery order from a foreign jurisdiction to appear and testify in the same manner and by the same process and proceedings as are employed for the purpose of taking testimony in Ohio courts. The role of courts outside the forum state includes the authority to examine the facts underlying a subpoena and to quash when necessary. The receiving state is required to exercise its discretion in reviewing the subpoena and may not simply rubber stamp the decision of the foreign court. (Internal citations and quotations omitted.) *Lampe* at *3.

We went on to review the trial court's decision in that instance for an abuse of discretion. *Id.*

{¶7} Kaplan acknowledges *Lampe*, but asks this Court to adopt the Eighth District's position in *Fischer Brewing Co. v. Flax*, 138 Ohio App.3d 92 (8th Dist.2000). There, the Eighth District rejected this Court's analysis in *Lampe* and determined that a trial court does not have the authority to quash a foreign subpoena. *Fischer Brewing Co.*, 138 Ohio App.3d at 96-97. *But see Conforte v. LaSalla*, 8th Dist. No. 79358, 2001 WL 1398406, *3 (citing *Lampe* favorably with regard to is finality analysis). *Fischer Brewing Co.* is distinguishable, however, on the basis that it involved an Ohio trial court ruling on a motion to quash subpoenas issued in a foreign court. *Fischer Brewing Co.*, 138 Ohio App.3d at 94-95. The subpoena here was issued by and quashed by the Wayne County Court of Common Pleas. Furthermore, Kaplan has not offered any argument as to why this Court should abandon its own precedent. *See* App.R. 16(A)(7). Under *Lampe*, the trial court possessed the authority to quash the subpoena it issued. *Lampe*, 2000 WL 59907, at *3.

{¶8} As to the doctrine of comity, Kaplan argues that a trial court errs when it does not "give effect to the laws and judicial decisions" of another court. *Bobala v. Bobala*, 68 Ohio App. 63, 71 (7th Dist.1940). Yet, the trial court here did not disregard any law or judicial decision of

another court. The Fayette County Court of Common Pleas issued a rogatory letter. A rogatory letter is not a judicial decision. A rogatory letter is merely a request from one jurisdiction to a foreign jurisdiction asking the latter, while "acting through its own courts and by methods of court procedure peculiar thereto and entirely within the latter's control, to assist the administration of justice * * *." *Wooster Products, Inc. v. Magna-Tek, Inc.*, 9th Dist. No. 2462, 1990 WL 51973, *3 (Apr. 25, 1990), quoting *Tiedemann v. The Signe*, 37 F.Supp. 819, 820 (E.D.La.1941). The Wayne County Court of Common Pleas did not err by employing its own procedures and exercising its own discretion, in response to the motion to quash here. Accordingly, Kaplan's first two assignments of error are overruled.

Assignment of Error Number Three

"UNDER THE OHIO RULES OF CIVIL PROCEDURE, THE TRIAL COURT ERRED BY QUASHING THE SUBPOENA DUCES TECUM AND DENYING DISCOVERY OF THE FOREIGN ORDER FOR SUCH."

Assignment of Error Number Four

"THE TRIAL COURT ERRED BY GRANTING MOTION TO QUASH SUBPOENA BECAUSE APPELLEE FAILED TO ESTABLISH AN UNDUE BURDEN REGARDING HIS DEPOSITION AND DOCUMENT REQUESTS."

{¶9} In his third and fourth assignments of error, Kaplan argues that the trial court abused its discretion by granting Tuennerman's motion to quash. Specifically, he argues that Tuennerman possesses evidence that is relevant and material to Kaplan's divorce action and failed to show that his compliance with the subpoena would pose an undue burden.

{¶10} "[C]ourts have broad discretion over discovery matters." *State ex rel. Citizens for Open, Responsive & Accountable Gov't v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, ¶ 18. As such, this Court generally applies an abuse of discretion standard of review in appeals from discovery rulings, including a ruling on a motion to quash a subpoena. *State v. Stephens*, 9th

Dist. No. 23845, 2008-Ohio-890, ¶ 8. *But see Price v. Karatjas*, 9th Dist. No. 25361, 2011-Ohio-1048, ¶ 8 (applying a de novo standard where the issue was one of privilege from disclosure). An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶11} Civ.R. 45 governs subpoenas and permits a trial court to quash or modify a subpoena that "[s]ubjects a person to an undue burden" upon a timely motion. Civ.R. 45(C)(3)(d). The motion must certify, through affidavit or certificate, that the movant first attempted to "resolve any claim of undue burden through discussions with the issuing attorney." Civ.R. 45(C)(4). The court then shall quash or modify the subpoena unless the party seeking the subpoena "shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated." Civ.R. 45(C)(5). *See also Martin v. The Budd Co.*, 128 Ohio App.3d 115, 119-120 (9th Dist.1998) (outlining Civ.R. 45(C)).

{¶12} Kaplan sought materials from Tuennerman to establish Wife's interest in TLJ, Limited for purposes of their divorce proceeding. Tuennerman opposed Kaplan's subpoena on the basis that it subjected him to an undue burden. Although Tuennerman produced "limited documents" related to Wife's interest in the company, he refused to produce a number of other items, including asset statements, balance sheets, ten years' worth of tax returns, any and all documents related to any parcel owned by TLJ, Limited, and any and all partnership documents. Tuennerman asserted that the requested items related to his own financial interests, not Wife's, and were irrelevant to the divorce proceedings. Tuennerman further indicated that Wife's interest in TLJ, Limited was de minimis, he had fully disclosed her interest, and Kaplan was already well aware of Wife's "token interest" as Kaplan received financial information from

TLJ, Limited during the course of the marriage for purposes of filing joint tax returns. In the motion to quash, Tuennerman's counsel certified that he tried to resolve the claim of undue burden with Kaplan's counsel before filing his motion.

{¶13} Kaplan's memorandum in opposition was largely unresponsive to Tuennerman's motion to quash. Kaplan did not defend against Tuennerman's assertions that Wife only possessed a "token interest" in TLJ, Limited and Kaplan already had knowledge of her interest. Kaplan's memorandum merely asserted that, because the Pennsylvania Courts agreed that the discovery Kaplan sought was relevant and material, the trial court should agree. He did not offer any argument as to why the undue burden Tuennerman alleged was insufficient. He also did not go on to address his own substantial need for all of the items listed in the subpoena. *See* Civ.R. 45(C)(5). To the extent Kaplan raises those arguments on appeal, we will not consider them in our review. *Consolo v. Menter*, 9th Dist. No. 25394, 2011-Ohio-6241, ¶ 17 ("An appellate court will not consider an argument raised for the first time on appeal.").

{¶14} The only item that Kaplan attached to his memorandum was Tuennerman's objections to the subpoena for the production of certain documents. After the trial court granted the motion to quash, Kaplan filed a "motion for reconsideration and/or to vacate and set aside judgment" to which he attached many other items, including filings from the Fayette County divorce action. The trial court, however, did not have any of those items in ruling on the motion to quash, as Kaplan did not file them until after the court granted the motion.

{¶15} On appeal, Kaplan generally asserts that the discovery he sought was relevant and the trial court abused its discretion by quashing the subpoena. Given the evidence and argument Kaplan put before the trial court, however, we cannot conclude that the court abused its discretion here. Tuennerman was not a party to the divorce action, complied with Kaplan's

discovery request to the extent it requested proof of Wife's interest in TLJ, Limited, and certified to the court that additional discovery would impose an undue burden. Kaplan failed to respond to any of Tuennerman's specific averments and failed to argue that he possessed a substantial need for the additional discovery he sought. Kaplan's argument that the trial court abused its discretion by granting Tuennerman's motion lacks merit. *See Martin*, 128 Ohio App.3d at 119-120. His third and fourth assignments of error are overruled.

### III

{¶16} Kaplan's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

CHARLES A. KENNEDY, Attorney at Law, for Appellant.

PETER A. PATTERSON, Attorney at Law, for Defendant.

MICHAEL W. KIRK, Attorney at Law, for Third Party-Appellee.