[Cite as *O'Donnell v. Cooper Tire & Rubber Co.*, 2016-Ohio-5097.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

FRANCIS P. O'DONNELL JR.,

    PLAINTIFF-APPELLEE,                CASE NO.  5-16-05

    v.

COOPER TIRE AND RUBBER CO.,

    DEFENDANT-APPELLEE.          O P I N I O N

[DEWAYNE "DEWEY" BEACH - APPELLANT]
[DUANE RICHARD STEPHENS - APPELLANT]

Appeal from Hancock County Common Pleas Court
Trial Court No. 2015CV512

Judgment Reversed and Cause Remanded

Date of Decision:   July 25, 2016

APPEARANCES:

    *William E. Clark* for Appellants

    *Bradley S. Warren and Jeffrey A. Mega* for Appellee,
        Francis P. O'Donnell, Jr.

Case No. 5-16-05

**SHAW, P.J.**

{¶1} Appellants, Dwayne "Dewey" Beach and Duane Richard Stephens (collectively referred to as "deponents"), appeal the February 8, 2016 judgment and order of the Hancock County Court of Common Pleas, overruling their motions to quash a subpoena duces tecum.

*Facts and Statement of the Case*

{¶2} Beach and Stephens are non-party witnesses in four consolidated Superior Court of Providence County, Rhode Island actions filed under the lawsuit initiated by Plaintiff, Francis P. O'Donnell ("O'Donnell"), against Defendant, Cooper Tire and Rubber Company. O'Donnell alleged that a tire manufactured by Cooper Tire caused a catastrophic accident resulting in severe injuries to four individuals and the death of a young woman. O'Donnell claimed that the accident was caused by the separation and detachment of the steel belts of the tire which resulted in the driver losing control of the vehicle.

{¶3} On December 11, 2015, O'Donnell filed applications pursuant to R.C. 2319.08 and 2319.09 in the Hancock County Court of Common Pleas in Ohio, requesting the court order the Hancock County Clerk of Courts to "issue and/or authorize the filing of a subpoena duces tecum" directing Beach and Stephens, both Hancock County residents, to produce certain records and appear for a

deposition in Ohio. O'Donnell attached "Letters Rogatory" from the Rhode Island court requesting, as a matter of comity, that the subpoenas be issued to compel the attendance of Beach and Stephens at an audio-visual deposition on a date agreed upon by the parties of the action and the deponents, and a consolidated order from the Rhode Island court finding the depositions of Beach and Stephens were necessary in the Rhode Island action.

{¶4} The same day, the Hancock County Common Pleas Court granted the applications and ordered the Hancock County Clerk of Courts to issue subpoenas duces tecum requiring the deponents to appear for a deposition at a specified location in Toledo, Ohio on January 20, 2016, and to produce the requested documents. The Hancock County Clerk of Courts issued the subpoenas, which were served upon Beach and Stephens.

{¶5} On December 22, 2015, Beach and Stephens each filed a motion to quash the subpoenas in the Hancock County Common Pleas Court, asserting that they had not received notice of the application for the subpoenas in either the Rhode Island court or the Hancock County Common Pleas Court and thus were not able to oppose the issuance of the subpoenas in the Ohio court. They cited an opinion from the Ninth Ohio Appellate District, *Lampe v. Ford Motor Company*, and argued that the Hancock County Common Pleas Court retained the authority under R.C. 2319.09, Ohio's codification of the Uniform Foreign Depositions Act,

to examine the facts underlying the subpoenas and to quash the subpoenas when necessary instead of simply "rubber stamping" the foreign court's discovery request. 9th Dist. Summit No. C.A. 19388, * 3 (2000)(citing *In re Kirkland & Ellis v. Chadbourne & Parke, L.L.P*, 670 N.Y.S.2d 753,756 (N.Y. Sup. Ct. 1998).

**{¶6}** In accompanying affidavits, Beach and Stephens each explained that they were retired from Cooper Tire and claimed that compliance with the subpoenas subjected them to an undue burden. They both sought the Hancock County Common Pleas Court to quash the subpoenas on that basis. *See* Civ.R. 45(C)(3)(d). They further claimed the discovery request was unreasonable due to the fact that they were being solicited for a deposition strictly because of their former high ranking positions at Cooper Tire and contended O'Donnell failed to demonstrate that they possessed any unique personal knowledge of the facts relevant to the Rhode Island lawsuit. The deponents also pointed to the numerous times they had been deposed in other similar lawsuits and suggested that the depositions in the current cases would be duplicative and unnecessary.

**{¶7}** Beach and Stephens also submitted a "Statement of Counsel" indicating that their counsel attempted to resolve the undue burden issue with O'Donnell's counsel prior to filing the motions to quash the subpoenas under Civ.R. 45(C)(3)(d). *See* Civ.R. 45(C)(4).

**{¶8}** In response, O'Donnell filed a memorandum opposing the motions to quash the subpoenas and relied upon an opinion from the Eighth Ohio Appellate District, *Fischer Brewing Co. v. Flax*, stating "we do not view the court's power under R.C. 2319.09 as extending any further than enforcing the implementation of the foreign discovery order." 138 Ohio App.3d.92, *96 (8th Dist. 2000). O'Donnell requested the Hancock County Common Pleas Court overrule the motions to quash the subpoenas on the basis that the Ohio court lacked the authority to consider the facts underlying the subpoenas. O'Donnell also claimed that the deponents had personal knowledge relevant to the lawsuit and were not merely being sought as witnesses because of their former positions at Cooper Tire, and that prior depositions of the deponents in other cases would not suffice.

**{¶9}** The deponents responded by citing an opinion from this Court affirming an Ohio court's decision to quash a subpoena issued by an Ohio Clerk of Courts in accordance with a discovery request issued by a California court and finding no violation of R.C. 2319.09 in the Ohio court's exercise of its authority to review and quash the subpoena under the Ohio Rules of Civil Procedure. *In re Deposition of Turvey*, 3d Dist. Van Wert No. 15-02-07, 2002-Ohio-6008, ¶ 9; Civ.R. 45.

**{¶10}** On February 8, 2016, the Hancock County Common Pleas Court issued a decision overruling the motions to quash the subpoenas. The court

Case No. 5-16-05

explained that it found the reasoning in the Eighth District to be more persuasive on three grounds: (1) "Ohio has long favored a liberal discovery philosophy;" (2) "Civil Rule 45 does not grant this Court authority to quash, as Deponent [sic] contends. Civ.R. 45 specifically authorizes the granting of a motion to quash by the "issuing court" which is arguably the Rhode Island Superior Court pursuant to the three Letters Rogatory issued on November 20, 2015[1];" and (3) "the principles of comity and full faith and credit require Ohio Courts to resist the temptation to substitute their own judgments for that of another jurisdiction's." (Doc. No. 29 at 4). Thus, the Hancock County Common Pleas Court determined that it lacked the authority to quash the subpoenas and overruled the motions.

{¶11} Notwithstanding this fact, in its judgment entry, the Hancock County Common Pleas Court purported to address the deponents' arguments supporting their motions to quash the subpoenas. Specifically, the court indicated that it found no merit in the argument that the depositions were sought simply based upon the deponents' former high ranking status within the company and further opined that compliance with the subpoenas would not subject either deponent to an undue burden.

---

[1] The original applications pursuant to R.C. 2319.09 were premised upon three Letters Rogatory issued by the Rhode Island court, however, only two of the three deponents appealed the Hancock County Common Pleas Court's denial of the motions to quash.

-6-

**{¶12}** Beach and Stephens subsequently filed this appeal, asserting the following assignments of error.

## ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED IN HOLDING THAT IT HAD NO AUTHORITY UNDER R.C. 2319.09 TO QUASH A SUBPOENA.**

## ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED IN FINDING THAT THE EVIDENCE FAILED TO DEMONSTRATE GROUNDS TO QUASH THE SUBPEONA UNDER CIV. R. 45.**

### *First Assignment of Error*

**{¶13}** In their first assignment of error, Beach and Stephens argue that the Hancock County Common Pleas Court erred in determining it had no authority under R.C. 2319.09 to review the underlying merits of their motions to quash the subpoenas based upon their claims that compliance with the subpoenas subjected them to an undue burden.

### *Standard of Review*

**{¶14}** Generally, an appellate court applies an abuse of discretion standard when reviewing a trial court's decision to quash a subpoena. *State v. Blair*, 3d Dist. Marion No. 9-12-14, 2013-Ohio-646, ¶ 44. However, because this case "requires the interpretation of statutory authority, which is a question of law, our

review is de novo." *Riedel v. Consol. Rail Corp.*, 2010-Ohio-1926, ¶ 6, 125 Ohio St. 3d 358, 359, citing *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 8. Therefore, we review the decision without deference to the trial court's interpretation. *See Dawson v. Dawson*, 3d Dist. Union Nos. 14-09-08, 14-09-10, 14-09-11, 14-09-12, 2009-Ohio-6029, ¶ 45. Our review begins with the plain language of the statute at issue. Section 2319.09 of the Revised Code codifies the Uniform Foreign Depositions Act, which provides:

> **Whenever any mandate, writ, or commission is issued out of any court of record in any other state, territory, district, or foreign jurisdiction, or whenever upon notice or agreement it is required to take the testimony of a witness in this state,** *witnesses may be compelled to appear and testify in the same manner and by the same process and proceedings as are employed for the purpose of taking testimony in proceedings pending in this state***.**

(Emphasis added.)

**{¶15}** Rule 45 of the Ohio Rules of Civil Procedure governs the process for using subpoenas and section (C) states the following regarding a party's request to quash or modify a subpoena.

> **(3)  On timely motion, the court from which the subpoena was issued shall quash or modify the subpoena, or order appearance or production only under specified conditions, if the subpoena does any of the following:**
>
> > **(a) Fails to allow reasonable time to comply;**
> >
> > **(b) Requires disclosure of privileged or otherwise protected matter and no exception or waiver applies;**

**(c) Requires disclosure of a fact known or opinion held by an expert not retained or specially employed by any party in anticipation of litigation or preparation for trial as described by Civ.R. 26(B)(5), if the fact or opinion does not describe specific events or occurrences in dispute and results from study by that expert that was not made at the request of any party;**

**(d) Subjects a person to undue burden.**

**(4) Before filing a motion pursuant to division (C)(3)(d) of this rule, a person resisting discovery under this rule shall attempt to resolve any claim of undue burden through discussions with the issuing attorney. A motion filed pursuant to division (C)(3)(d) of this rule shall be supported by an affidavit of the subpoenaed person or a certificate of that person's attorney of the efforts made to resolve any claim of undue burden.**

**(5) If a motion is made under division (C)(3)(c) or (C)(3)(d) of this rule, the court shall quash or modify the subpoena unless the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated.**

*Relevant Case Authority*

{¶16} There is scant Ohio authority addressing the scope of an Ohio court's jurisdiction over a subpoena issued pursuant to R.C. 2319.09. Moreover, of the little guidance available, the Ohio appellate districts appear to have reached differing conclusions in resolving the issue.

{¶17} The Ninth Appellate District addressed this question in *Lampe v. Ford Motor Company*, 9th Dist. Summit No. C.A. 19388 (Jan. 19, 2000). In that case, the plaintiffs in a pending California civil case sought certain documents from a non-party deponent, an independent research facility in Akron, Ohio, and petitioned the Summit County Court of Common Pleas in Ohio to issue a subpoena pursuant to R.C. 2319.09. *Id.* at *1. The Summit County Common Pleas Court granted the petition and ordered the Summit County Clerk of Courts to issue the subpoena. *Id.* The non-party deponent filed a motion to quash under Civ.R. 45(C)(3). *Id.* The Summit County Common Pleas Court held a hearing which resulted in its decision to overrule the motion to quash and modify the foreign discovery request. *Id.* at *2.

{¶18} The non-party deponent appealed arguing the trial court incorrectly denied its motion to quash the subpoena. *Id.* The appeals court reversed in part and discussed the scope of an Ohio court's authority when ordering a subpoena to be issued under R.C. 2319.09.

> **R.C. 2319.09, which acknowledges the Uniform Foreign Depositions Act, permits Ohio courts to compel witnesses under a discovery order from a foreign jurisdiction "to appear and testify in the same manner and by the same process and proceedings as are employed for the purpose of taking testimony" in Ohio courts. The role of courts outside the forum state includes the authority to examine the facts underlying a subpoena and to quash when necessary. *In re Kirkland & Ellis v. Chadbourne & Parke, L.L.P.* (N.Y.Sup.Ct.1998), 176 Misc.2d 73,**

> **670 N.Y.S.2d 753, 756. *See*, *also*, *In re Servco Corp. of America* (1967), 1 Va.Cir. 54, 58, 1967 Va.Cir. LEXIS 1 at ----8. The receiving state is required to exercise its discretion in reviewing the subpoena and "may not simply rubber stamp the decision" of the foreign court. *In re Kirkland & Ellis*, *supra*.**

*Id.* at *3.

{¶19} Shortly after the decision in *Lampe*, the Eighth Appellate District addressed the issue of the role of an Ohio court under R.C. 2319.09 in *Fischer v. Brewing*, 8th Dist. Cuyahoga No. 76155, 138 Ohio App.3d 92 (2000). *Fischer* involved two foreign orders requesting discovery be conducted in Ohio of the deponent, an attorney for one of the parties named as counterclaim defendant in a pending civil suit in the Superior Court of the District of Columbia, which included the taking of a deposition and the inspection of the deponent's files on a personal computer. The party seeking the discovery filed its application in the Cuyahoga County Ohio Court of Common Pleas for an order allowing discovery pursuant to the District of Columbia Court's orders. The deponent immediately filed a motion to quash the subpoenas and motions for protective orders on the basis of attorney-client privilege. *Id.* at *94. The Ohio court denied the motion to quash and the motions for protective orders.[2]

{¶20} The appeals court in *Fischer* examined the Ninth District's holding in *Lampe* and rejected the reasoning in that opinion. Specifically, the court in

---

[2] Although not clearly articulated by the majority opinion in *Fischer*, it appears that the Cuyahoga County Clerk of Courts issued a subpoena in accordance with R.C. 2319.09. *Fischer* at *98 (Porter, J., concurring).

*Fischer* expressed its view that an Ohio court's authority to conduct discovery is limited under R.C. 2319.09 which simply " 'gives the courts of this state the authority to compel attendance and testimony at depositions taken in Ohio.' A component to this power to compel attendance is the authority to impose sanctions if the deponent fails to attend a deposition." *Id*. at \*96, quoting *E.I. DuPont de Nemours & Co. v. Thompson*, 29 Ohio App.3d 272, 274, (8th Dist. 1986).

**{¶21}** The court continued to state that "[w]e do not view the court's power under R.C. 2319.09 as extending any further than enforcing the implementation of the foreign discovery order. Principles of comity and full faith and credit prohibit Ohio courts from countermanding otherwise valid discovery orders issued by foreign courts. Our adherence to these legal precepts causes us to disagree with a statement contained in *Lampe v. Ford Motor Co. Lampe* cited to *In re Kirkland & Ellis v. Chadbourne & Parke, L.L.P.*, for the proposition that 'the role of courts outside the forum state includes the authority to examine the facts underlying a subpoena and to quash when necessary.' This approach is not the law in New York and should not be the law in Ohio." *Id*. (internal citations omitted).[3]

---

[3] We note that this approach *is* the current law in New York. In 2011, New York adopted the Uniform Interstate Depositions and Discovery Act, which is codified under CPLR § 3119. Under the UIDDA, "[d]iscovery authorized by the subpoena must comply with the rules of the state in which it occurs." *Hyatt v. State Franchise Tax Board*, 962 N.Y.S.2d 282, 293 [2d Dept. 2013]. "[M]otions to quash, enforce, or modify a subpoena issued pursuant to the Act shall be brought in and governed by the rules in the discovery state."\* (*Id*.; CPLR § 3119[d] and [e])(emphasis added). "Although the Uniform Act 'requires minimal judicial oversight since there is no need to present the matter to a judge in the discovery state before a subpoena is issued,' CPLR § 3119 expressly contemplates judicial review by providing a mechanism to

{¶22} The court in *Fischer* discussed whether an Ohio court has the authority to quash a subpoena issued pursuant to R.C. 2319.09 and determined that for the purposes of Civ.R. 45(C)(3) the language of the rule referring to "the court from which the subpoena was issued" is the foreign court who granted the discovery order in the underlying action—i.e., the District of Columbia court—not the Ohio court where the clerk of courts issued the subpoena upon receiving an order under R.C. 2319.09. *Id.*

{¶23} In other words, the court in *Fischer* viewed the subpoena as being "issued" by the foreign court and therefore conferring the authority to quash the subpoena only to the foreign court, despite the fact that the subpoena was issued by an Ohio clerk of courts and the Ohio court retained jurisdiction to compel the deponent's attendance by virtue of the subpoena and the use of sanctions. Thus, the court in *Fischer* determined that "[g]iven the limited nature of the Ohio court's role in implementing the subpoena and issuing orders to ensure compliance with the subpoena, we believe that court had no authority to rule on motions for a protective order or a motion to quash that went to the heart of the subpoena." *Id.* at *97.

---

move for relief against the subpoena under the rules or statutes of New York." *In re Aerco Int'l, Inc.*, 964 N.Y.S.2d 900, 903 (Sup. Ct. 2013), citing *Hyatt v. State Franchise Tax Board*, 962 N.Y.S.2d at 292; CPLR § 3119[e]).

*We note that the UIDDA considers the "discovery state" to be the state where the witness to be deposed lives—in this instance, Ohio.

{¶24} Notably, in a separate concurrence in *Fischer*, Judge Porter expressed a different perspective than the majority on the Ohio court's purported limited role in supervising subpoenas under R.C. 2319.09. Judge Porter noted that the subpoena was issued by use of the Ohio process on a nonparty witness to implement the discovery order of the District of Columbia Superior Court pursuant to R.C. 2319.09. *Id.* at *98. He further opined:

> **I am not prepared to say, as the majority apparently is, that in such circumstance the courts of this state are powerless to ever quash, issue protective orders, or modify the scope of our own subpoena. Indeed, our Civ.R. 45(C)(3) states: "On timely motion the court from which the subpoena was issued shall quash or modify the subpoena." Since it is our own writ that compels the non-party's attendance, we certainly have an interest in its scope and enforcement. If the nonparty witness refused to attend or to answer questions we would certainly feel obliged, and properly so, to enforce the writ. By the same token, we should have correlative power to excuse or modify. Certainly, the District of Columbia Superior Court cannot enforce our writs. This is entirely consistent with the federal counterpart Rule 45 on which our own rule is modeled. The district court which issued the subpoena at the request of a foreign tribunal has jurisdiction to quash, modify, or condition its terms. In re Digital Equip. Corp. (C.A.8, 1991), 949 F.2d 228, 231; In re Sealed Case (C.A.D.C., 1998), 141 F.3d 337, 342–343.**

*Fischer* at *98 (Porter, J., concurring).

{¶25} This Court echoed a similar sentiment to the separate concurrence in *Fischer* when we previously had the opportunity to examine this issue in *In re Matter of Deposition of Turvey*, 3d Dist. Van Wert No. 15-02-07, 2002-Ohio-

6008. In *Turvey*, plaintiffs in a pending civil suit in California filed a "commission" issued by the Superior Court of California, County of Santa Clara, declaring Turvey, a non-party deponent, to be a material witness in the underlying action pending in the foreign jurisdiction and requested the Van Wert County Ohio Common Pleas Court to issue a subpoena for Turvey to appear at a deposition in Ohio and to produce certain documents. *Id*. at ¶ 3. The Van Wert County Clerk of Courts issued a subpoena pursuant to an order of the Van Wert County Court of Common Pleas. *Id*. Turvey subsequently filed a motion to quash and the Van Wert County Common Pleas Court granted the motion on the basis that the information sought from Turvey was undiscoverable. *Id*. at ¶ 5. The plaintiffs in the California case appealed asserting that the Ohio court lacked jurisdiction to quash a "California subpoena." *Id*. at ¶ 7.

{¶26} In *Turvey*, we discussed the Eighth Appellate District's interpretation of R.C. 2319.09 and expressly disagreed with its determination that the statute limited an Ohio court's authority over subpoenas issued by an Ohio clerk of courts under a discovery request from a foreign court. *Id*. at ¶ 9. Contrary to the court in *Fischer*, we concluded that the subpoena was not a "California" subpoena, but rather an *Ohio* subpoena *issued* by an *Ohio* court. *Id*. at ¶ 10. Therefore, Civ.R. 45(C)(3) provided the *Ohio* court with the authority to quash or modify the *Ohio* subpoena. *Id*.

**{¶27}** We further addressed the appellants' argument that the Van Wert County Common Pleas Court's decision to grant the motion to quash the subpoena failed to give full faith and credit to a "commission" issued by the California Court. *Id.* at ¶ 21. We noted that "the commission in question, issued by the California Superior Court pursuant to Cal.Civ.Pro. § 2026(C), authorizes the commissioned party to conduct the deposition of Deborah Turvey in Ohio. The commission further empowers the commissioned party to 'request that process issue in the place where the examination is to be held, requiring attendance and enforcing the obligations of the deponents to produce documents and answer questions.' Cal.Civ.Pro. § 2026(C)." *Id.* at ¶ 22. We found "no evidence that the trial court disrespected or interfered with the commissioning order issued by the California Superior Court when it quashed the Ohio subpoena." *Id.* at ¶ 23. "Quashing the Ohio subpoena did not interfere with [commissioned party's] authority to depose Turvey for purposes of the California action." *Id.*

**{¶28}** More recently, the Ninth District revisited its *Lampe* decision and considered the Eighth District's holding in *Fischer*. *See Kaplan v. Tunnerman-Kaplan*, 9th Dist. Wayne No. 11CA0011, 2012-Ohio-303. *Kaplan* involved a pending divorce action in Pennsylvania in which the husband sought to obtain information about the wife's financial interest in an Ohio company owned by her father. *Id.* at ¶ 2. Upon the husband's motion, the Pennsylvania Common Pleas

Court issued a "rogatory letter" requesting the Wayne County Ohio Court of Common Pleas issue an order for the wife's father to appear for a deposition in Ohio with certain financial documentation. *Id.* The Wayne County Clerk of Courts issued the subpoena in accordance with the rogatory letter. *Id.* The deponent-father-in-law, filed a motion to quash the subpoena on the basis that the wife possessed only a token interest in the business and compliance with the subpoena would subject him to an undue burden. *Id.* at ¶ 12. The Wayne County Common Pleas Court granted the motion to quash the subpoena. *Id.* at ¶ 2. The husband appealed claiming the Ohio court failed to accord comity to the foreign court's discovery request when it granted the motion to quash the subpoena. *Id.*

**{¶29}** The appellate court in *Kaplan* addressed the *Fischer* decision and found the facts distinguishable.[4] *Id.* at ¶ 7. The court then discussed the principle of comity and, similar to our analysis in *Turvey*, examined the nature of the underlying discovery request from the foreign court and concluded that the Ohio court did not err in quashing the subpoena.

> **As to the doctrine of comity, Kaplan argues that a trial court errs when it does not "give effect to the laws and judicial**

---

[4] The court in *Kaplan* found *Fischer* distinguishable "on the basis that it involved an Ohio trial court ruling on a motion to quash subpoenas issued in a foreign court. The subpoena here [in *Kaplan*] was issued by and quashed by the Wayne County Court of Common Pleas." *See* Kaplan at ¶ 7. However, as we pointed out in a prior footnote, the majority opinion in *Fischer* did not clearly articulate this aspect of the procedural posture. Rather, it was the separate concurrence in *Fischer* that clarified the subpoena was issued by the Cuyahoga County Ohio Clerk of Courts pursuant to R.C. 2319.09, which is precisely the situation presented in *Kaplan* and in the instant case. *See*, *supra*, note 1.

**decisions" of another court. Yet, the trial court here did not disregard any law or judicial decision of another court. The Fayette County Court of Common Pleas issued a rogatory letter. A rogatory letter is not a judicial decision. A rogatory letter is merely a request from one jurisdiction to a foreign jurisdiction asking the latter, while "acting through its own courts and by methods of court procedure peculiar thereto and entirely within the latter's control, to assist the administration of justice \* \* \*." The Wayne County Court of Common Pleas did not err by employing its own procedures and exercising its own discretion, in response to the motion to quash here.**

*Kaplan* at ¶ 8 (Internal citations omitted).

### *Discussion*

**{¶30}** This is the legal landscape upon which we address the arguments on appeal—specifically that the Hancock County Common Pleas Court erred in relying upon the Eighth District's holding in *Fischer* to determine that it had no authority to review the merits of the motions to quash filed by the deponents.

**{¶31}** Initially, we note that the language of R.C. 2319.09 clearly invokes the Ohio discovery procedures to govern the implementation of a foreign court's discovery request for a subpoena to be issued upon an Ohio resident for use in a civil action pending in the foreign jurisdiction. Notably, the statute does not expressly limit an Ohio court's authority in executing the subpoena, nor does it make a distinction between an Ohio court's authority under R.C. 2319.09 and any other discovery proceeding taking place under its jurisdiction. To the contrary, the statutory language explicitly states that "witnesses may be compelled to appear

and testify *in the same manner* and *by the same process and proceedings* as are employed for the purpose of taking testimony in proceedings pending in *this state*." R.C. 2319.09 (emphasis added). Thus, it would appear that the statute confers the *same* authority to an Ohio court under these circumstances as the Ohio court would otherwise have in any other proceeding pending in that court, which would include the authority under Civ.R. 45(C)(3) to quash or modify a subpoena.[5]

**{¶32}** Moreover, we recognize that there are at least two competing interests underpinning this issue. The Rhode Island court has an interest in obtaining all information relevant to the lawsuit consistent with its laws, while the Ohio court has interest in protecting its residents from unreasonable and overly burdensome discovery requests. Accordingly, the Ohio court clearly has an interest in the scope of a subpoena issued by its clerk of courts for the purpose of compelling the appearance and compliance of an Ohio resident. In our view, confining an Ohio court's authority over a subpoena issued by its own clerk of courts to that of simply issuance and enforcement of the foreign court's discovery

---

[5] To be clear, we do not interpret the scope of R.C. 2319.09 to empower Ohio courts with broad authority over all discovery matters in the underlying civil action pending in the foreign court. Rather, we are simply stating that under R.C. 2319.09, the Ohio court is vested with the same authority to supervise the subpoena and deposition as provided for by Ohio law under Civ.R. 45. To this point, we also find it peculiar that court in *Fischer* appeared to concede that an Ohio court retained the authority to issue sanctions to compel a party's compliance with the subpoena under Civ.R. 37, but nevertheless held that it was stripped of the authority to quash or modify the subpoena under Civ.R. 45.

request, both fails to effectively serve the interest of the foreign court and fails to give credence to the equally important interests of the Ohio court.

{¶33} For example, the idea that an Ohio court has more limited authority over a subpoena under R.C. 2319.09 than generally conferred by Ohio law is also problematic for both the foreign court and the Ohio court on procedural due process grounds. If the Ohio court is powerless to ever quash, issue protective orders, or modify the scope of its own subpoena, and if the foreign court is considered the "issuing court" for purposes of Civ.R. 45, as the court in *Fischer* has stated, then it appears that the Ohio deponent must challenge the propriety of the subpoena in the foreign court where the underlying civil action is pending— i.e., Rhode Island. The mechanics of this endeavor seem entirely problematic as it is unclear to us what power the Rhode Island court has, if any, to quash and/or modify a subpoena captioned in an Ohio court, bearing the seal of an Ohio clerk of courts, and requiring the deponent to appear in Ohio.[6]

{¶34} Accordingly, we conclude that R.C. 2319.09 invokes the applicable authority of the Ohio court under Ohio law relative to supervising the subpoena issued by its clerk of courts, including the power to quash the subpoena issued in

---

[6] We are also not persuaded by the argument that permitting an Ohio court to exercise its authority under Civ.R.45(C)(3) when it receives a discovery request from a foreign court pursuant to R.C. 2319.09 somehow offends the doctrine of comity. In each instance in the cases cited above, the Ohio court automatically ordered its clerk of courts to issue a subpoena in accordance with the discovery request of the foreign court.

compliance with a discovery request from a foreign court where the underlying civil case is pending.[7] In applying these principles to the case sub judice, we conclude that the Hancock County Court of Common Pleas erred when it determined that it lacked the authority to rule on the merits of the motions to quash the subpoenas filed in this case. The first assignment of error is sustained.

### *Second Assignment of Error*

**{¶35}** The second assignment of error focuses on the remarks made by the Hancock County Common Pleas Court after it determined that it had no authority to entertain the motions to quash. The deponents claim these comments purport to address the merits of the issues raised by the parties in the motions and the responsive memoranda. However, due to the fact that the court's discussion occurred after it found that it was without the authority to quash the subpoenas, we conclude that this commentary was simply gratuitous and does not carry the force and effect of a legal ruling. Accordingly, we find the arguments raised on appeal

---

[7] We note that the Ohio Legislature as recently adopted the Uniform Interstate Depositions and Discovery Act. *See* R.C. 2319.09 (later version). This newly enacted legislation is to take effect on September 14, 2016 and states the following with respect to the issue resolved in this case:

> **(F) An application to the court for a protective order or to enforce, quash, or modify a subpoena issued by a clerk of court * * * shall comply with the Ohio Rules of Civil Procedure and be submitted to the court in the county in which discovery is to be conducted.**

R.C. 2913.09(F)(eff. Sept. 14, 2016).

regarding these statements in the judgment entry to be moot and we decline to address the second assignment of error.

{¶36} In light of our resolution of the first assignment of error, we remand the case to the Hancock County Court of Common Pleas to proceed with providing full consideration to the arguments raised by each party in the motions to quash and the responsive memoranda without regard to the issues raised therein as to the court's jurisdiction over the matter, and to render a decision in accordance with the provisions set forth in Civ.R. 45.

{¶37} Based on the forgoing, the first assignment of error is sustained and the judgment is reversed and we remand the matter to the trial court for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**