[Cite as *Praetorium Secured Fund I., L.P. v. Keehan*, 2019-Ohio-3414.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

PRAETORIUM SECURED FUND I, L.P.

      Appellee

      v.

DAVID J. KEEHAN, et al.

      Appellants

C.A. No.     18CA011433

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    18-CV-196166

DECISION AND JOURNAL ENTRY

Dated: August 26, 2019

CALLAHAN, Judge.

{¶1} Appellants, David Keehan, Donald Keehan, Jr., and Denise Keehan ("the Keehans"), appeal the judgment of the Lorain County Common Pleas Court granting Appellee, Praetorium Secured Fund I, LP's ("Praetorium") petition to issue foreign subpoenas and denying their motion to dismiss and motion to quash subpoenas. For the reasons set forth below, this Court affirms.

I.

{¶2} In September 2018, Praetorium petitioned the Lorain County Common Pleas Court to issue three subpoenas duces tecum to the Keehans pursuant to R.C. 2319.09, the Uniform Interstate Depositions and Discovery Act. Praetorium is the plaintiff in a lawsuit against Donald Keehan, Sr. pending in the Circuit Court of the 20th Judicial Circuit in Lee County, Florida. The Keehans are not parties to the Florida action. As part of the Florida

litigation, Praetorium sought mortgage and loan applications, home and automobile lease agreements, and a copy of driver's licenses from the Keehans.

{¶3} The Lorain County Common Pleas Court granted the petition and ordered the clerk of court to execute the foreign subpoenas. The foreign subpoenas were personally served upon each of the Keehans. Instead of producing the documents, the Keehans filed a motion to dismiss the petition and quash the subpoena. The trial court denied the motion and found that Praetorium "satisfied the statutory scheme of O.R.C. 2319.09 for the issuance of foreign subpoenas." The Keehans have timely appealed.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY GRANTING [PRAETORIUM'S] PETITION FOR ISSUANCE OF FOREIGN SUBPOENAS AND BY DENYING [THE KEEHANS'] MOTION TO DISMISS AND TO QUASH SUBPOENAS.

{¶4} The Keehans argue that because Praetorium is not a legal entity, it lacks standing and capacity to sue as it relates to the petition to issue foreign subpoenas under R.C. 2319.09. Accordingly, the Keehans contend the petition should have been dismissed and the subpoenas quashed. This Court disagrees.

{¶5} The Keehans contend that this Court must conduct a de novo review because a challenge to Praetorium's standing is a question of law. *See Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, ¶ 20. While a motion to dismiss for lack of standing would require a de novo review, the Keehans' motion is not a proper motion to dismiss.

{¶6} The Keehans' motion to dismiss the petition for foreign subpoena did not identify any civil rule upon which their motion was premised. We recognize that challenges based upon standing and capacity to sue are properly presented via a Civ.R. 12(B)(6) motion to dismiss for

failure to state a claim. *Eichenberger v. Woodlands Assisted Living Residence, L.L.C.*, 10th Dist. Franklin No. 12AP-987, 2013-Ohio-4057, ¶ 15, citing *Kirlay v. Francis A. Bonanno, Inc.*, 9th Dist. Summit No. 18250, 1997 WL 775685, *1 (Oct. 29, 1997); *State ex rel. N. Ohio Chapter of Associated Builders and Contrs., Inc. v. Barberton City School Dist. Bd. of Edn.*, 188 Ohio App.3d 395, 2010-Ohio-1826, ¶ 10 (9th Dist.). However, the rule presumes that there is a claim to dismiss. *See* Civ.R. 12(B).

{¶7} Standing and capacity to sue are "dispositive defenses to the main action" and are not properly asserted in an ancillary proceeding. *See generally U.S. Bank, N.A. v. Courthouse Crossing, Acquisitions, LLC*, 2d Dist. Montgomery No. 27331, 2017-Ohio-9232, ¶ 9-11. A petition for the issuance of foreign subpoenas is not a claim for relief or the main action, but instead an ancillary discovery proceeding to the out-of-state litigation. *See Lampe v. Ford Motor Co.*, 9th Dist. Summit No. 19388, 2000 WL 59907, * 2 (Jan. 19, 2000). Accordingly, there was no basis upon which to file a motion to dismiss the petition for the issuance of foreign subpoenas. Therefore, we construe the Keehans' motion solely as a motion to quash foreign subpoenas.

{¶8} This Court reviews a trial court's decision regarding discovery, including a ruling on a motion to quash a subpoena, for an abuse of discretion. *Kaplan v. Tuennerman-Kaplan*, 9th Dist. Wayne No. 11CA0011, 2012-Ohio-303, ¶ 10. "'A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶9} R.C. 2319.09, the Uniform Interstate Depositions and Discovery Act ("Act"), provides an Ohio court with the authority to issue and serve subpoenas from other states and to

insure compliance with the foreign subpoenas. This Act specifies that the issuance, service, compliance, and enforcement of a subpoena under the Act must comply with the "Ohio Rules of Civil Procedure and any statutes." R.C. 2319.09(E)-(F). This includes Civ.R. 45 which contains provisions regarding the contents and service of subpoenas, as well as provisions regarding objections to the subpoena and specific grounds for quashing a subpoena.

{¶10} While the Keehans moved to quash the foreign subpoenas, they did not cite to Civ.R. 45(C) or rely upon any of the enumerated grounds in Civ.R. 45(C)(3) in support of their motion to quash. Nor did they serve any timely "written objections to production." *See* Civ.R. 45(C)(2)(b). Instead, the Keehans' sole argument was that Praetorium was not an entity and thus it lacked standing and capacity to sue when it filed the petition for the issuance of foreign subpoenas. The Keehans analogize that "if a fictitious entity lacks standing and capacity to commence a lawsuit, it follows that it cannot commence a petition to issue foreign subpoenas either." This analogy is unpersuasive because it is merely a conclusory statement, not supported by any legal authority. *See* App.R. 16(A)(7).

{¶11} Standing and capacity to sue are necessary to commence a lawsuit. *Mousa v. Mt. Carmel Health Sys., Inc.*, 10th Dist. Franklin No. 12AP-737, 2013-Ohio-2661, ¶ 12. As addressed above, a petition for the issuance of a foreign subpoena is an ancillary proceeding to an out-of-state lawsuit. *See Lampe*, 2000 WL 59907, at * 2. Praetorium commenced a lawsuit in Florida and sought discovery documents from non-party Ohio residents. Praetorium's petition for the issuance of foreign subpoenas filed in Lorain County was an ancillary proceeding to the Florida lawsuit. Therefore, the Keehans' arguments regarding Praetorium's standing and capacity to sue in this ancillary proceeding are irrelevant and do not present a valid basis to

quash the foreign subpoenas.[1]  Moreover, the Keehans did not challenge Praetorium's compliance with the requirements of R.C. 2319.09 and Civ.R. 45 as to the service and contents of the foreign subpoena.

{¶12} Based upon the Keehans' limited argument, the trial court did not abuse its discretion in denying the motion to dismiss the petition and quash the foreign subpoenas.  The Keehans' assignment of error is overruled.

III.

{¶13} David Keehan, Donald Keehan, Jr., and Denise Keehan's assignment of error is overruled.  The judgment of the Lorain County Common Pleas Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is

---

[1] Additionally, the Keehans argue that Praetorium lacked standing and capacity to sue in a separate, but related cognovit case pending in Lorain County.  Whether Praetorium had standing and capacity to sue in the cognovit case is not properly before this Court.

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR,

APPEARANCES:

ROBERT R. KRACHT, CHARLES J. PAWLUKIEWICZ, and NICHOLAS R. OLESKI, Attorneys at Law, for Appellants.

RICHARD W. CLINE and JOSEPH M. MUSKA, Attorneys at Law, for Appellee.